IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUCHA SAUDA, LLC., | GENERAL JURISDICTION |
| Plaintiff. | |
| v. | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | CASE NO.: 4:25-cv-1025 |
| Defendant. | |
| _____/ | |

## COMPLAINT

COMES NOW, SUCHA SAUDA, LLC., (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby file this Complaint against SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA ("Defendant") and in support thereof allege the following:

## PARTIES

1. Plaintiff is a Limited Liability Company registered in the State of Missouri and principally located at 9241 W Florissant Ave, Ferguson, MO 63136. Plaintiff is the owner of the real property or properties located at 9241 W Florissant Ave, Ferguson, MO 63136 in St. Louis County.

2. Defendant is a foreign corporation registered and licensed to sell insurance in the State of Missouri. Defendant's principal address is 900 E. 96th Street, Suite 400, Indianapolis, IN 46240, and its registered agent for service of process is regulated by the Division of Insurance, located at 900 East 96th Street, Indianapolis, IN 46240.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, and pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and/or because the Defendant(s) reside or may be found in this district.

**BASIC PREMISE**

5. This is a breach of contract case which arises from a property insurance policy contract entered into by Plaintiff and Defendant. Plaintiff is an insured under the subject insurance policy. Said underlying insurance policy contract contains property insurance coverage for wind and hail. Despite Plaintiff's demand to Defendant to pay Plaintiff their full benefits consistent with the damages to their property, Defendant has refused Plaintiff's request and demand.

**FACTUAL BACKGROUND**

6. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

7. In consideration for the premium paid by Plaintiff to Defendant, Defendant provided property insurance coverage to Plaintiff for the property or properties (hereafter referred to as the "Properties") listed under the insurance policy bearing number S2498888 (hereafter referred to as the "Policy"). Please see attached hereto as Exhibit A the Policy. Plaintiff reserves the right to supplement this Complaint by attaching a full copy of the policy.

8. The Policy purchased by Plaintiff covers direct physical loss of or damage to scheduled Buildings, Business Income and Extra Expense.

9. All payments on the policy were current, and the Policy was in full force and effect between the dates of 03-09-2024 through 03-09-2025, and during the subject date of loss.

10. On or about 04-01-2024 during the policy period, the Plaintiff's insured property at 9241 W Florissant Ave, Ferguson, MO 63136 sustained severe wind and hail damage. These perils are covered under the policy.

11. Upon discovery of the damages, and in accordance with the terms of the Policy, Plaintiff promptly reported the claim.

12. Defendant assigned claim number 22640923 to the loss, and assigned Jared Compton to investigate and adjust the claim.

13. Defendant scheduled and inspected the property on 03-13-2025, where Plaintiff allowed Defendant's field adjuster access to the property.

14. Plaintiff and/or their representatives did not prevent or obstruct the Defendant's field adjuster from inspecting and documenting the damages at the property.

15. Plaintiff complied with any and all of Defendant's requests for information, and provided Defendant with all information necessary for them to render a coverage decision in favor of Plaintiff.

16. Following the initial inspection, Plaintiff followed up with Defendant for updates and offers of assistance.

17. Despite there being visible and documented damage from a covered peril, the Defendant has breached the Policy by failing to pay Plaintiff their full benefits due and owing under the Policy.

18. As a result, Plaintiff sent Defendant a notice of intent to sue letter on or about 04-03-2025 in accordance with Missouri Law, which was set to expire on or about 04-14-2025.

19. Included in Plaintiff's Notice of Intent to Sue was an estimate for damages totaling $239,004.82. See attached as Exhibit B Plaintiff's Estimate of Damages.

20. Defendant let Plaintiff's Notice of Intent to Sue letter expire without curing their breach.

21. To date Defendant has failed to: 1) conduct a reasonable investigation into the cause of loss; 2) issue timely payment for the undisputed damages; 3) issue payment for all lines of coverage owed under the policy; and 4) failed to confirm or deny the claim within a reasonable amount of time.

22. Plaintiff has attempted to obtain full and complete payment for the covered damages pursuant to the insurance policy.

23. Defendant, acting through its agents, servants, representatives, and employees has failed to properly investigate, evaluate, and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

24. Defendant has failed to pay for all covered damages on a timely basis as required by the insurance contract and as required by the Missouri Insurance Code. Instead, Defendant has denied coverage for the damage when coverage for those damages under the policy was reasonably clear.

25. Plaintiff has cooperated with every request made by Defendant and has displayed, at reasonable times, all their relevant records, documents, buildings and contents that are the subject of this loss.

26. Defendant has persisted in delay or denial to pay the full amounts due to Plaintiff even though a person of ordinary prudence and care would have done otherwise.

27. No reasonable basis exists for Defendant to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

28. No reasonable basis exists for Defendant to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

29. Defendant has misrepresented to Plaintiff that the damage to the property was not due to the covered peril from the storms of 04-01-2024, even though the damages were caused by the covered peril.

30. Defendant failed to settle the claim in a fair manner, although Defendant was aware of liability to Plaintiff under the Policy, in violation of Missouri Insurance Code.

31. Defendant refused and/or failed to properly evaluate the covered damage to Plaintiff's Properties, forcing Plaintiff to hire their own experts and incur additional expenses.

32. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, because the Defendant failed to conduct a reasonable investigation, in violation of the Missouri Insurance Code.

33. Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Properties. Defendant's conduct constitutes violations of the Missouri Insurance Code.

34. Defendant failed to meet its obligations under the Missouri Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of claims longer than allowed and to date Plaintiff has not yet received full payment for the claim. Defendant is in violation of Missouri Insurance Code.

35. From and after the time Plaintiff's claim was presented to Defendant, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

36. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who represents Plaintiff in this cause of action.

37. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendant, in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

38. Plaintiff has complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.

39. Plaintiff satisfied all conditions precedent required before filing the instant action.

40. Defendant's delay in paying the amounts due and owing to Plaintiff subjects Defendant to payment for accrued interest, attorney fees, and any other relief provided for by law.

## COUNT I– BREACH OF CONTRACT

41. Plaintiff hereby re-alleges the allegations contained in paragraph 1 through 41 as set forth above, and incorporates the same herein by reference.

42. This is a cause of action for damages by Plaintiff against Defendant for Breach of the subject insurance contract.

43. Plaintiff and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations at:

    a. 9241 W Florissant Ave, Ferguson, MO 63136

44. The insurance contract provided coverage for the perils of wind and hail among other perils. Defendant has a complete copy of the Policy in its possession.

45. All damages and loss to Plaintiff's property were the direct result of a peril for which Plaintiff's insured pursuant to the Policy herein, wind and hail.

46. Defendant sold the Policy insuring the Property in its "as is" condition.

47. Plaintiff suffered a loss with respect to the property at issue and additional expenses as a result of the hail and wind damage.

48. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for damages as a result of the hail and wind damage.

49. Plaintiff provided Defendant with proper notice of damage to the Property.

50. Defendant by and through its agents failed to properly evaluate the damage resulting from the covered cause of loss, hail and wind.

51. Defendant by and through its agents failed to retain the appropriate experts and/or consultants to evaluate the hail and wind damage to the subject property.

52. As of this date, Defendant has failed to pay for the hail and wind damages to Plaintiff.

53. Plaintiff has attempted to obtain full and complete payment for covered losses pursuant to Defendant's Policy.

54. Defendant, acting through its agents, servants, representatives, and employees, has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

55. Defendant has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

56. As a direct result of Defendant's breach of the Policy, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an award against Defendant for compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.

## COUNT II – MISSOURI STATUTES § 375.420 & § 375.296.

## VEXATIOUS REFUSAL TO PAY CLAIM

57. Plaintiff hereby re-alleges the allegations contained in paragraphs 1 through 57 as set forth above and incorporates the same herein by reference.

58. This is a cause of action for damages by Plaintiff against Defendant for committing acts in violation of Missouri Statutes § 375.420 & § 375.296.

59. Defendant is an entity that is required to comply with Missouri Statutes § 375.420 & § 375.296.

60. Missouri Statutes § 375.420 & § 375.296 establish that an insurer that refuses or fails, for a period of thirty days after due demand, to pay a loss without a reasonable cause of excuse becomes liable for extra-contractual damages.

61. Defendant's conduct constitutes multiple violations of both Missouri Statutes § 375.420 & § 375.296, including but not limited to:

   a. Misrepresenting material facts such as making misleading statements about the policy's benefits, coverage or meaning; failing to state a material fact necessary to make other statements not misleading; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; making a material misstatement of law; or failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code;

   b. Failing to attempt a fair settlement in good faith when liability became reasonably clear;

   c. Failing to provide a prompt or reasonable explanation for Defendant's coverage decision;

   d. Failing to conduct a reasonable investigation before denying Plaintiff's claim;

   e. Failing to timely investigate the claim or request necessary documentation within a reasonable timeframe;

   f. Failing to approve or deny the claim within a reasonable timeframe after receiving all requested information; or

   g. Failing to pay the claim within a reasonable timeframe after agreeing to pay the claim.

62. Defendant received, prior to the initiation of this action, 30-days notice and demand for payment as required by Missouri Statutes § 375.296.

63. Still, Defendant has refused to pay Plaintiff's full benefits under the Policy.

64. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by Missouri Statutes § 375.420 & § 375.296, taking advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received.

65. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time reasonably allowed, as described above, and is a violation of Missouri Statutes § 375.420 & § 375.296. Such conduct constitutes a non-payment of the claim while having all relevant information necessary to render a coverage decision in favor of covering Plaintiff's damages

66. As a direct result of Defendant's unfair claims practices, Plaintiff was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual damages suffered as a result of Defendant's violations of Missouri Statutes § 375.420 & § 375.296; damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.

## KNOWLEDGE AND INTENT

67. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for those issues that are so triable against Defendant pursuant to law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

1. Defendant breached the contract, entitling Plaintiff to recover the benefit of their bargain. The Court further finds that Plaintiffs are entitled to actual damages, including the loss of benefits that should have been paid under the policy, as well as attorney's fees pursuant to applicable state law.

2. Defendant violated Missouri Statutes § 375.296 & Missouri Statutes § 375.420, entitling Plaintiff to actual damages which include the loss of benefits that should have been paid pursuant to the policy, as well as damages in the amount of twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars; a reasonable attorney's fee; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief allowable under Missouri law.

Respectfully submitted,

**NATIONAL INSURANCE ADVOCATES, LLP**
*/s/ Anthony Pastor, Esq*

Bar No.: 1049696FL
*Attorneys for Plaintiff*
6330 Manor Lane
Suite 200
Miami, Fl 33143
Primary Email: intake@nia.law
Secondary Email: anthony@nia.law
PH: (833) 701-4110

# EXHIBIT A

# EXHIBIT B